Appellant by Edward F. Dutton. Mr. Dutton. Good afternoon. Pleased to court, my name is Ed Dutton and I have the pleasure of representing Peoria Park District. And my friend Greg James. Good afternoon, Mr. Gregory. I know the court is ruggedly, so I'm not going to spend a lot of time revisiting what the facts are going to come before you. I do, though, think this is a critical issue from a procedural standpoint. This issue comes up time and again in trial courts across the state. And that is this, whether a trial judge has the authority under the codices of procedure or the Supreme Court rules or existing case law to require a party to participate in discovery when either a 2615 motion to dismiss is pending or is in this case, after the court has actually ruled on and granted the 2615 motion, has dismissed the complaint and yet orders the parties to participate in discovery. That's the problem we have here. The first thing we're going to jump off on, because Mr. Gregory and I, I think, agree on most issues, we're here only on questions of law, not fact. There's no factual disputes. But the main starting point that we have to break off on is what's the standard of review? And as the court knows, Mr. Gregory has written on behalf of the plaintiffs in his brief that it ought to be an abuse of discretion standard. And the reason for that is because most discovery orders generally are reviewed on an abuse of discretion standard. I have no dispute with that, no problem with that, except it doesn't apply in this case. That rule is designed for instances where a trial judge actually has discretion and exercises that discretion appropriately. An example would be, for example, I started thinking of them as I was driving down here, one would be the three-hour rule under Rule 206. Supreme Court rules say deposition shall be three hours unless for good cause shown, the trial court determines the deposition can exceed that. Absolutely within the trial court's discretion. If the trial court has a hearing and says, you know what, in this case it's more complicated, we're going to give you four hours, that is reviewed on an abuse of discretion standard. Here, though, the trial court disregarded Supreme Court rules. There's no rule that allows for discovery when no complaint is pending. Disregarded Supreme Court authority, which is Owen v. Mann, which says when a complaint's been dismissed, the trial court has no authority to order discovery. Disregarded binding appellate precedent. I cited the Storm v. Susulich case, it's not the only one. But that also says, hey, the issue on 2615 is does the complaint state a valid cause of action? Always a question of law, never a question of fact. There's no argument that it's premature to rule on 2615 without discovery. And the other thing the court did... Can I interrupt? I'm lost. Sure. Isn't this a contempt proceeding? It absolutely is. Do I have the wrong brief? No, you don't. Okay, how did the contempt issue get raised in the trial court? Sure, Your Honor. And isn't that what we're reviewing? You review both. Supreme Court in Norris Cogg v. Feil says specifically, not only is the contempt citation the appropriate way to bring this issue to the appellate level, but the court of review is absolutely obligated to review not just the contempt citation, but the underlying discovery order. So how did the contempt arise? The contempt arose... Sure. It was actually a request for contempt citation, and here was why. By whom? By the defense. Okay, so why doesn't the doctrine of invited error apply? How can you complain that you were held in contempt of court when you asked to be held in contempt of court? Because it's the only avenue that's approved by the Supreme Court to be able to take a ruling on discovery and bring it to the appellate court level. The Supreme Court said in the Almgren case, for example, you cannot do it by rule of freeway certification. Right. Are there some discovery rulings that just aren't reviewable by this court? Not reviewable on an interlocutory basis, absolutely. So has this been done before? Yes, it actually has been done before. Somebody who asks to be held in contempt and agrees that the remedy should be $25 then comes up in front of the appellate court and nobody says invited error? Yes, it's been done multiple times. Okay. I've cited case law. Is it in there? Norse Cog versus file. Absolutely, yes, that's exactly what happened, in fact. That would be one of the cases. The other case I cited was Illinois-Amcasco versus Nationwide. Then I apologize and continue your argument. Not at all, Your Honor. It actually is a good place to break off. We're talking about the standard of review, and generally the standard of review is discretion, except where the trial court has no discretion to take that action and then it's reviewed on a de novo standard. I've cited the Norse Cog case. I've cited Illinois-Amcasco. Those cases both approve the contempt vehicle as the only way to get to the appellate court on what would otherwise be normally an interlocutory order. And then if the issue is one of law and it's whether the trial court had authority to make that ruling, it's reviewed on a de novo standard. And that's all made up in the briefs, but I wanted to start there because that's where the plaintiff and I initially break off. Now, having said that, if the plaintiff's position were correct, essentially, and that is it doesn't matter whether you have a complaint on file or not, or it doesn't matter whether you have a valid complaint, a viable complaint on file, if plaintiff were correct, a plaintiff could file a blank sheet of paper, simply state at the top, complaint, with nothing below it. And if the trial court said, you know what, that's good enough for me, forget about 2615, do some discovery, the plaintiff's position is that's an abuse of discretion standard. It's exactly that example why it's got to be de novo. It is not discretionary. It is a matter of law reviewed de novo by this court. Now, with regard to why the order itself was improper, I touched on it a moment ago. We filed a combined motion to dismiss under 2615 and 2619. It's fully briefed. Trial court hears argument, grants the motion to dismiss. The complaint is wiped off the books. Trial court, though, does two other things in that order. One is gives the plaintiff leave to replead within an extended period, 90 days. Third thing the trial court does in that order, and this is where we break off, trial court says, and the parties are allowed to proceed with discovery. The plaintiff then follows up six weeks approximately later with written interrogatories and a production request. As soon as we get that in, because that made the issue right, we go back on a motion for protective order under Rule 201C. The plaintiff's response, both in the trial court and here with regard to that, was, oh, no, you're too late. You have to do that within 30 days. And Justice Wright, when you raise the issue of whether the order was appealable at that time, it's precisely because it was not a final order. There's no 30-day rule that applies. It is absolutely interlocutory. It can be reviewed at any time by the trial court and cannot be reviewed by this court unless we have a contempt of citation issue. We first did what we're supposed to do. We didn't just ignore the court's order. We went back to the trial court on a motion for protective order under 201C. Said, trial court, here's the case law, Owen v. Mann, Storm v. Sulich, the Supreme Court rules and the Code of Civil Procedure. You can't do this. Trial court hears argument on it and without comment, without explanation, denies the motion for protective order. Our only avenue at that point was, if you correctly brought up Justice Wright, our only avenue then, Norskog v. Feil says. I'm just really concerned that you did it and nobody else, but that's okay. I'm the only one that's at risk. That's why I had to do it. What I had to say was, look, trial judge, I follow the Supreme Court rules. I came to you, trial judge, under Rule 201C, and I said, this is oppressive. You can't order discovery when there's no complaint on file. See Owen v. Mann and Storm v. Sulich. Trial judge denies that motion. I have two options, well, three options at that point. One is to ignore the order. I've cited the case law which says that's never a good thing to do. The other option is to say, well, gosh, the trial court's wrong, but I'm going to comply, except I owe an obligation to my client. I can't very well do that. So my only other option under the Supreme Court rules is, as North Park v. Feil laid out, you have to seek a contempt citation. Normally it's done as friendly contempt, but I've done this before, and let me tell you, it's never fun. The trial judge, as I'm sure you've read the transcript, said, well, who's going to jail then? Trial judge under civil contempt can fine you, can place you in jail up to six months, all of those bad things. Here the trial judge, who was actually a different judge by that time, said, here's what we're going to do. The plaintiff had no objection to the motion for contempt. Trial judge said I'm going to enter a $25, he first said per day, $25 contempt citation, which we duly paid to show that we were at risk. And then we appeal under North Park v. Feil, and it's the appropriate way to go. And actually, the Supreme Court rules, I've got it in a brief, but it is 304B-5, which says, in addition to, other than the 304A finding, obviously, 304B says these various types of orders are immediately appealable, even though they're normally interlocutory. And that's where you actually find the Supreme Court rule that lays out how to get deformity on a contempt citation. So we're at that stage. What we laid out for the trial judge was, it violates Oman v. Mayer, it violates Starbreeze v. Sulich. And the other thing it would do is, completely from a policy standpoint, it would either rewrite or simply ignore 2615 and 2619. Why would you move to dismiss if you were still going to have to go through the full panoply of discovery anyway? So, as we pointed out to the trial judge, and as we noted in our briefs to this court, 2615D says, if the trial court grants a motion to dismiss, the court has two options. One is to allow Lee Booman, and the other is to, in the words of 2615D, is to terminate the litigation, in other words, to dismiss with prejudice. Those are the only two. Here, the trial judge, in effect, rewrote 2615D and said, well, here's a third option. I dismiss the complaint, but the plaintiff has to take discovery. That's what brought up the need to seek a contempt citation. I've already touched on the timeliness issue because, as I explained, it was an interlocutory order. There's no 30 days to seek either appellate review or to seek reconsideration in the trial court. We actually couldn't do anything until the plaintiff started discovering that it became right. But I find it interesting the plaintiff raises that argument. It's kind of a curious argument. Let me see if I can boil this down. In essence, what the trial court did, there's no complaint on file. And he says, I'm going to let them conduct discovery to see if they can find some facts that would give them a cause of action against you. That is exactly right. That is exactly right. And our point was, there's no case pending. There's no complaint on file. And the same thing happened in Owen v. Mann, where the court dismissed the complaint and ended a compel order against the defendant. The defendant said, there's no complaint pending. There's really no cause of action here. And the Supreme Court said, defendant, you're absolutely right. That is improper. And that's what our issue was here. And as I pointed out, and I went before the court with my brief, as I pointed out, Supreme Court rules don't apply. Why doesn't the exception in John Burns apply here?  I don't see it as an exception. Why not? Because in John Burns, as I pointed out in my brief, in John Burns, the court actually held, the appellate court actually held that the trial court erred on a 2-6-15 basis. And the complaint did state a valid cause of action. That makes all the difference in the world. Once the appellate court in John Burns, and actually I highlighted that I think on a note, but here it is. I'm on page 8 of the work I printed out. This is at page 1029 in the Northeast. And I'm quoting. Consequently, with these principles in mind, the allegations in the Second Amendment complaint are sufficient to state a claim that comes within the umbrella of the recognized exceptions to the no damage for delay provisions in the contract. The Third Amendment complaint, which plaintiff unsuccessfully sought to file, even more sharply purports to fall within those exceptions. The court finds that the trial court erred in that it stated a valid cause of action. Then we're back to, once the complaint states a valid cause of action, discovery is fair game. Here the problem, so plaintiff relying on John Burns doesn't help at all. Here the problem was the trial court had already ruled, and quite correctly, this complaint does not state a viable claim. There's no opportunity for discovery. John Burns doesn't apply. John Burns, like every other case, holds. If there's a valid complaint, you can do discovery. Here it's the reverse. No valid complaint, yet the trial court errs. So they're alleging that you are the only source of information that they have to go to to provide them with information that they need to file the complaint. That is absolutely their argument. And we're going to touch on that in a minute at the end, too, on what you can do. And John Burns speaks to that, does he not? He does, but only in the context of what the court's holding is, which is it's a valid complaint. Once it states a valid complaint. John Burns says trial court erred on a 2-6-15 basis, should not have dismissed it. Appellate court finds it's a valid complaint. Then it makes sense, the appellate court says, and therefore discovery is proper here. In order to take the plaintiff's side here, essentially, and say, look, they can't take a valid clause now, but if you let them do some discovery, they may be able to, which, as Justice Smith pointed out, is what the trial judge is ruling here. I understand that from a practical standpoint. But in order to do that under the law, we'll have to write 137, rule 137 off the books. Because 137 says you absolutely cannot proceed with the cause of action unless you have already done your due diligence to make sure that you have sufficient facts to support each element of the cause of action. And it's kind of circular, isn't it? I mean, both arguments maybe are circular. Because you're saying you've got to sign 137, their complaint affidavit, whatever. But they can't do that sufficiently unless they have the information that they need to sign that. And they say in their complaint, do they not? Or am I removing it? But they say that in their complaint. We've got blank spots here, and we need to fill them in. And the only way we can fill them in is the information that only you have. I give them full marks for honesty. They own up in the complaint. I have rarely seen a plaintiff do that. We don't have the facts here, but if you'll let us do some discovery, maybe we will. I hear that a million times. I rarely see it pleaded. But if the court were to rule that way, we're back to, let's forget about what 2615 says, which is does the state of the law have a cause of action? That's only a question of law. And there's no other issue. You can't take extraneous evidence. You can't say, oh, this motion's premature at this time. I'd like to do discovery. The issue is does the complaint state a valid cause of action? If it doesn't, you never get past go. I understand the plaintiff might say, the same argument for extension of limitations, too. Well, jeez, I didn't really have the full facts until five years after. Gosh, it would have helped if I had those earlier. I understand that there can be instances where that can even be called unfair. But what I do know is it is not allowed under our current code of procedures for the court rules. There is no case, as I pointed out in the briefs, there is no case that allows a plaintiff to plead a claim that does not state a valid cause of action and yet take discovery. And that's what the plaintiff is asking to do here, which leads me to the issue of remand. Since the plaintiff, as you point out, has said from day one, both in the complaint before the trial court, both in oral argument in the briefs, and in the brief on appeal, I don't have enough facts. I won't be able to state a different claim. I think he says in the brief here I would be filing the same or a very similar complaint. I'm not sure what this court can do because that's the admission by the plaintiff of concession. I understand that the plaintiff doesn't have the facts, but that's an admission by the plaintiff they're never going to have the facts. So what I'm asking this court to do is really a couple of things. One is – I'm sorry, maybe I didn't understand what you were saying. Sure. You said it's an admission of the plaintiff that they didn't have the facts, and then did you say that they'll never have the facts? The plaintiff said that. Before the trial court, before this court, in the brief at page 4 in this court. Prior to obtaining discovery. Absolutely. That's absolutely right. What they're saying is – I thought you were saying they'll never have the facts. No. No. Who knows what they might find in discovery? Who knows what they might find 100 years from now? None of us knows. Only your client. What we know is, well, maybe, maybe not. That's presuming that our client has something that discovery would show. Well, and if they don't, then you've got to dismiss it. Right. In which case, we're back to the scenario. Let's file a blank piece of paper that says complaint, and then we go out and see what the defendant might have to fill in the blanks there. And that, we know, can't happen under current Supreme Court rules. If we were at 137, it might, but not as things stand now. So I'm back to what we can do from this court. I've asked the court to vacate that portion of the July 13 order, which directs discovery since the complaint has been dismissed and there's no minor complaint filed. I've asked the court to withdraw or vacate the contempt citation and give us back our $25. And then the other is, what does this court do on remand? Since the plaintiff has said, I don't have those facts, and unless the court allows me discovery, I won't have those facts, my argument is, I don't think there's any choice under 137 to say the plaintiff has done what they want. That's what I have for you. Thank you. Thank you. Mr. Gregory? My name is William Gregory, and I'm here on behalf of the plaintiffs, Frederick Allen and William T. Franklin. And, Your Honors, I guess I would like to just start just by kind of explaining, as Justice Wright had kind of talked to Mr. Dutton about, is what happened here. I mean, which is essentially the fact is that the plaintiffs filed, a complaint against the defendant, the Peoria Park District, in regards to a breach or a wrongful termination of their employment. The defendants, in response to that, filed a 2615 motion, in which the trial court held a hearing after the filing of breaches by both parties, in regards to that motion. At the end of the arguments on that motion, what the court ruled is that the court was going to allow the motion with the understanding the plaintiff would be refiling an amended complaint, and allow the plaintiff, and both parties technically, to proceed with discovery for 90 days, in order to allow the plaintiff to obtain additional information, in regards to filing that amended complaint. Let me ask you, have you ever, is it your understanding the law in Illinois is that you can sue somebody, and then to conduct discovery to maybe find some facts that will allow you to state a cause of action against them? Well, I believe that based off of what we cited from Winfrey and from John Burns, I believe that when there are facts that are solely within the knowledge of the defendants, that that is allowed. And you're guessing, right? I mean, you're pleading, you said we might find facts, if we are allowed to conduct discovery, we might find some facts that will allow us to state a cause of action against them? Well, I would say that that's not entirely accurate. I believe that we thought that there were additional facts, because when we discussed it with the judge in regards to the 2615 motion, I mean, also we believe that the complaint that we filed, it's our position that it did state a viable cause of action. However, the judge granted us leave to file an amended complaint, so we didn't appeal that issue or raise that issue here. Have you filed an amended complaint? No, we have not. We have not because of the issues that came apart. I mean, the fact that the court granted us leave to conduct discovery before filing that amended complaint, and because of the fact that they refused to participate in the discovery as ordered by the court. Isn't the law pretty clear that not only can you not do this, but it's sanctionable as a matter of law to sue somebody without any facts to support the state of cause of action? Well, again, we believe that the complaint that we filed did state a cause of action. I mean, obviously the trial judge disagreed. Well, I mean, he just granted us leave to file an amended complaint. I mean, as I don't recall him specifically stating, you know, and obviously he granted the motion to dismiss. I mean, and I think, though, that procedurally, I think this is something that happens quite often in the trial court level, is that, you know, it will be determined that the plaintiff essentially needs to file an amended complaint, either to clarify what they've stated or to restate additional matters. And so we stated what was in our knowledge. We stated the best information that we had, and we believe that what we filed actually does state a viable cause of action, but we believe that there potentially are additional causes of action, and we also believe that there's information that is in the defendant's knowledge that the plaintiffs are not aware of, and that would allow us to more specifically set forth the cause of action that we filed. So I don't believe that we filed something where we did not believe that there was a viable cause of action here. Well, if you thought the judge erred and you wanted to stand on that complaint, you could have said, Judge, I'm standing on that complaint, got a final order, and appealed that, right? Well, I guess that's true, but considering the fact that the judge allowed us to proceed with discovery and to file an amended complaint, there was no reason to do that at that point. I mean, it was something where it wasn't dismissed with prejudice. I mean, the case was still pending in our mind. I mean, we were given the opportunity to obtain additional information from the defendant in order to more specifically plead what we believed was a viable cause of action, and so therefore we didn't consider that there was a reason to appeal that order at that point because we believed that, I mean, at that point we were under the impression that we were going to be allowed to proceed with some discovery, get the information from the Park District in regards to the... How could you determine, if there's no complaint on file, how could you even determine whether the discovery requests were proper in scope? Well, I guess... I mean, you want to go on a fishing... You know, there's no complaint on file and you want to do a fishing expedition, and the law doesn't allow that, does it? See, I guess, again, I would go back to the Winfrey and Burns decision, and the defendants can, you know, keep going back to the Owens decision, and I guess I would just mention to the court that the Owens v. Vann decision is a 1985 decision, and both the Winfrey and Burns are 92-95 decisions, so they post-date that, and those courts had that Owens v. Vann decision, you know, in their back pocket. I mean, so they would have known that that decision was out there, and they still came forward with the statements that they made that if, in fact, the true facts of what happened are solely in the knowledge of one party, that that's allowed. And so that is the way that we are looking at this, is we believe we've stated what we believe are sufficient facts to state a cause of action. However, we would, you know, we believe that there are more facts out there that would allow us to more specifically state this and to potentially state additional causes of action in regards to the termination. And so, therefore, that's what we were doing. And so, you know, again, I mean, and I recited, you know, Rule 201, you know, in our brief as well, is that, you know, I mean, there's nothing specific other than potentially some of the case law that says that the trial court doesn't have the authority to order discovery once a complaint has been filed, once a response has been entered, all parties have entered. I mean, there was only one defendant in this case. They filed their entry. They filed their motion to dismiss. They were before the court. You know, all of the parties were there before the court. So, I mean, if in fact what I believe it was Winfrey said is that, I mean, the Supreme Court rules permit liberal pretrial discovery and that the trial court can issue discovery orders any time after all parties have appeared, which has happened in this case. Well, they've appeared, but then your complaint gets dismissed, and now there's no complaint on file. And the defendant has no obligation to do anything until you then refile a complaint. Well, I mean, that's not what the trial judge ordered, obviously. I mean, and so, I mean, once the trial judge ordered that the discovery be allowed, I mean, it was our position that they were, you know, I mean, they were ordered to participate in the discovery. Obviously, and that's why we're here. Right, and I understand that. I mean, and I guess I'm looking at it and saying, I mean, it's not like we were just, as you were, you know, you might clarify this or call it a fishing expedition. I mean, they knew that what we filed was a wrongful termination complaint. The discovery that we propounded on them was specific in regards to the termination and employment of these individuals. I mean, we're not out there asking them for things that, you know, have nothing to do with the plaintiff's employment. They knew that this was a wrongful termination complaint, and the discovery was related to that issue. We weren't. Under your theory, every time somebody gets fired, a lawyer could go out and file a lawsuit, say they wrongfully fired me, not enough facts, dismiss, boom, well, let's do discovery, and now we'll depose all the managerial people in the company to see if we can get somebody to say something. Do you think that's the law? No, I don't think that's the law. But, I mean, I think that you're talking about, I mean, a general situation where, I mean, you know, if I get into a fight with a co-worker and my boss comes in and says, hey, you're fired, I know why I got fired. You know, I mean, I know what was going on. I know what happened. I mean, I think that most terminations are pretty straightforward, whereas I don't believe that the facts in this case are straightforward at all. I mean, this was a situation where these gentlemen were, you know, were seasonal employees, but they were called back every single year, and when the winter season, I mean, they worked for the park district, so they worked outside, you know, I mean, when at the end of the season, they were like, fine, we'll see you in the spring. They call up in the spring. You know, when do we start? You're fired. What? You're fired. Okay. You know, I mean, to me, I mean, I don't think that this is a typical, you know, situation to where, I mean, you're looking at a situation where, you know, a person can sit there and actually go into court and honestly plead, hey, I don't know what happened here. You know, so I would say that, you know, I mean, I can't speak to every situation that could occur, but I think that there are situations that can occur to where that is the facts of the case and that those facts justify the trial judge doing this, and I really think that the intent of the trial judge, you know, in this case. What facts do you have that they were wrongfully terminated? Well, what we pled in our complaint was in regards to the employee manual that they were issued and in regards to how, you know, how the, you know, how the employees were handled as far as termination, as far as the steps that would be involved in termination, and that's initially what we filed. We filed a complaint. The initial complaint was filed based on the fact that they did not follow the terms of their employee manual, and there were certain steps, and I didn't look into that in detail this morning, because I don't remember exactly specifically what those steps were, but those steps were not followed in this case, and so therefore our initial count one, you know, in this case, was in fact that there was a wrongful termination because of the fact that they had these steps that were placed that it was our understanding that were followed, you know, in regards to the termination of employees and the fact that they did not terminate these two individuals based off of the actual contents of that manual as to how employee termination would occur, and so that was the basis of our initial complaint, which at this point we still believe is a viable complaint. I mean, they've made an argument in that regard, which we believe was actually an evidentiary argument in which, you know, the court should have, you know, actually it was more of a motion for summary judgment than a 2615 motion, and so, I mean, that was our issue with that, but again, we didn't raise that and that's not what we're looking for at this point. Well, either one says they're entitled to judgment as a matter of law. I mean, right? Yeah. I mean, either whether it's a 615 or a summary judgment motion just says we're entitled to judgment as a matter of law, so. Right, but when you have a summary judgment motion, you've already got discovery or you've got affidavits or you've got depositions or you've got, you know, admissible evidence, whereas 2615 is just based off of the phase of the complaint itself. But the law doesn't generally allow people until you've got the facts to go out and put some defendant through lawyer hell for a year hoping you can find facts to support, you know. Well, and I would agree that generally that is the case, and that's why Winfrey and that's why John Burns is the exception. I mean, it's not the general rule, and we understand that, but we believe that the facts of this case fall within that exception of a situation in which the defendants are in possession of the facts of this case or specifically what happened here. They refused to divulge that to the plaintiffs, and so therefore the plaintiffs have asked them to be able to participate in discovery in order to be able to get that information. And, again, it may be something that doesn't help us. It may be something that does. There you go. But we're trying to – I mean, we don't know because we don't have the information. I mean, that's the whole point of it. We're not denying that, you know.  But the intent of the trial court in this was to say, okay, let's do some discovery, let's come back, and if there's additional information to amend the complaint, then let's do it. And that was the intent, and so I guess I'm asking this court – first of all, I believe that it is an abuse of discretion standard. I mean, this is a discovery order. A review of a discovery order is based off of an abuse of discretion, and we're asking that this court find that the trial court did not abuse its discretion in allowing this discovery to proceed. Thank you. You know, in addition, I believe that the defendants have stated that, you know, what they're asking for on remand is essentially that the plaintiff's complaint be dismissed. I don't believe the plaintiffs have admitted that they don't have a cause of action here. We've not admitted that. I mean, we understand that the 2615 motion was granted, but obviously the intent of the court was to allow the plaintiff to refile an amended complaint, and the issue as to actually the substance of the 2615 motion is not here. Why didn't you refile a complaint? Because of the fact that once all of these issues with the discovery came about, it was just a situation of, well, are we going to get the discovery before we file the amended complaint, or are we not? And so what we were looking to do is to file the amended complaint once that was up. Then we were going to file the amended complaint rather than having to file an amended complaint and then go through the discovery and then file another amended complaint. So, I mean, as far as what they're saying, I believe that if this is, you know, obviously regardless of what the court's decision in this matter is, I mean, the remand, the trial court still granted us leave to file an amended complaint. We believe that that's still a valid option for us. We still have the right to file that. I think your 90 days are gone. They're going to have to get a secret leave. Well, right, right. And I guess I'm anticipating that the trial court will grant that, considering the fact that the trial court said let's do some discovery for 90 days and then you file an amended complaint. Well, since that's either in the picture or it's not, I mean, if this court allows the discovery to proceed, then I would anticipate that the trial court's going to say, okay, here's your 90 days. Let's get the discovery done, come back, file your amended complaint, and let's move on. You know, if it comes back to where it's like, okay, this court order is changed, you know, to where you're not permitted to do the discovery, well then we would be saying, okay, well then give us a couple weeks to get an amended complaint on file and we'll go from there. Thank you. Thank you, Mr. Gregory. Mr. Dutton, any rebuttal? Very briefly, Your Honor. Thank you. I'm going to start with the last point first, and it's what I was finishing up, actually, the initial part of my opening argument, and that is what do we do on remand? I don't believe there's any dispute under existing law, under the Supreme Court rules, especially in 137 and 201, under Owen v. Mann, under Stone v. Zulich, under 226-19. The very reason they exist is so that you don't have to go through, I think it was, two years of lawyer hell, if I recall. The reason why those are there is because the initial stepping stone that the plaintiff has to cross is a viable complaint. If the plaintiff doesn't have a viable complaint, we don't get into an issue about discovery. Here, what the plaintiff has said is the court has pointed out and recognized, both in the opening complaint, which is the plaintiffs don't know why they were discharged. It may have not been on law for a reason. We just don't have facts. Mr. Gregory stood up here and confirmed that that's true. I don't think there's any dispute as to that. And then before the trial court, he said essentially the same thing. And then in his brief before this court, he said, and I'm at page 4, without the additional information, plaintiffs will be refiling the same or a very similar complaint as plaintiffs already filed. The plaintiffs will clearly argue that such pleading will be insufficient to state a cause of action, unless the discovery portion of the order is vacated, the entire order must be vacated. And that's where I jumped in at the end of my opening argument and said, what do we do on remand? We have a plaintiff who's saying in the initial complaint, I don't have any facts to support this. I really don't know why I was discharged. There's no facts to show it was unlawful. Give me some discovery. Without that discovery, I can't plead anything different. I don't believe the court has, frankly, any choice. I think the order is, the only order is, to vacate the improperly ordered discovery, that part of the July 13 order which says the parties will do discovery even though no complaint is on file. To vacate or reverse the trial court's denial of our 201C motion for essentially relief from, protective order relief from that improper order. To vacate or reverse the contempt citation, which is again, how we were able to get up here on an interlocutory order. And then finally, what does the court do with directions on remand? Since the plaintiff is saying there's nothing I can plead without discovery, I don't believe there's any choice. There's nothing left to plead. The plaintiff didn't get past the 2615. That has not been appealed from. That is not before this court. There was no separate cross appeal. So we're left with, what do we do on remand? And since the plaintiff says I have no facts and I'm not going to have any facts, I don't believe that the plaintiff has an ability to plead. So with that, I appreciate your time. Thank you very much. If you have any questions, I'm happy to answer them. Thank you, Mr. Dutton. I'm sorry, Mr. Gregory. Thank you, too. Thank you both here for your arguments this afternoon. This matter will be taken under advisement, written disposition will be issued, and the court will be in a brief recess.